IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Luis Evaristo Hernandez-Regules, | ) | C/A No.: 1:13-2622-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Immigration and Customs Enforcement, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Luis Evaristo Hernandez-Regules, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff seeks relief from a detainer issued by the United States Immigration and Customs Enforcement ("ICE"). [Entry #1 at 3, 5]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff, a detainee at the Greenville County Detention Center ("GCDC"), states that he was arrested on September 8, 2013, for driving under the influence. [Entry #1 at 4]. The state officer also charged Plaintiff with driving an uninsured vehicle without a license. *Id.* Plaintiff indicates that he has been in the United States for five years, has family in Greenville, South Carolina, and wishes to "correct his status in America." *Id.*

1

Plaintiff seeks "a reasonable bail . . . as to the ICE hold" and permission to continue his employment. *Id.* at 5.

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that

the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Because Plaintiff sues ICE, a federal agency that acts as the principal investigative arm of the United States Department of Homeland Security, his claims are evaluated under *Bivens*, which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971); *see also Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).

1. Improper defendant

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that immunity and consents to suit). A suit against defendant would be tantamount to a suit against the federal government itself, *Dugan v. Rank*, 372 U.S. 609, 620 (1963), and "the United States has not waived sovereign immunity in suits claiming constitutional torts." *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under *Bivens* is against federal

officials individually, not the federal government."). Therefore, ICE is entitled to sovereign immunity from Plaintiff's claims.

Additionally, to state a claim under *Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, the federal agency defendant, an inanimate entity, is also entitled to summary dismissal because it is not a "person" amenable to suit under *Bivens*. *See Meyer*, 501 U.S. at 484–86.

2. Release is not an available remedy under *Bivens*

Plaintiff seeks relief from an ICE hold or detainer, which he alleges is causing his continued detention at the GCDC. [Entry #1 at 3]. Plaintiff wishes to return to work and requests a "reasonable bail" on the "ICE hold." *Id.* at 5. However, release from confinement is not an available remedy in a civil rights action. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

Even if construed as a federal habeas petition, the instant case would be subject to summary dismissal. Federal courts may entertain an application for habeas relief if a prisoner is "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(1), (3). "The prevailing view among courts in the Fourth Circuit is that a plaintiff raising a habeas claim concerning the issue of deportability must be in INS [Immigration and Naturalization Service] custody" and "an immigration

detainer does not subject a prisoner to INS custody." *Ogunde v. Holder*, C/A No. 1:13cv484 (JCC), 2013 WL 5504417, at *2 (E.D. Va. Oct. 1, 2013). In the present action, Plaintiff alleges the issuance of an ICE detainer upon his arrest and placement in state custody for state criminal offenses. [Entry #1 at 4]. As the filing of an ICE detainer does not subject a prisoner to INS custody, Plaintiff cannot meet the "in custody" requirement to challenge his ICE detainer under § 2241. *See Richard v. Immigration and Naturalization Services*, C/A No. 0:11-1508-JFA-PJG, 2011 WL 5876916, at *1 (D.S.C. Nov. 22, 2011) (petitioner's challenge to an ICE detainer based on his inability to make bond subject to summary dismissal, because "the lodging of a detainer does not render a petitioner 'in custody' for purposes of § 2241"); *see also Sewell v. Stephens*, C/A No. 5:10-HC-2247-FL, 2011 WL 2746122, at *1 n* (E.D.N.C. July 13, 2011) ("An ICE detainer, without more, does not satisfy § 2241's 'in custody' requirement.") (citing *Blackwell v. Cross*, C/A No. 2:08-cv123, 2009 WL 2877245, at *6 (N.D.W. Va. Sept. 3, 2009).

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 17, 2013                               Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).